UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMELO COLON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROJECT RENEWAL INC.,<br><br>Defendant. | Case No.: 1:25-cv-6695<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Carmelo Colon ("Plaintiff"), on behalf of himself and all other similarly situated persons, by and through his undersigned counsel, alleges upon personal knowledge as to himself and upon information and belief as to other matters (which is based on, among other things, his experiences at Defendant's facility, review of Defendant's records, conversations with Defendant's employees, and investigation of this counsel), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action on behalf of himself and all other similarly situated current and former hourly paid non-exempt employees ("Hourly Employees") of Defendant Project Renewal Inc. ("Defendant") seeking redress for Defendant's systematic failure to compensate Plaintiff and Hourly Employees for all hours worked.

2. More specifically, Defendant is one of the largest social service nonprofit organizations in New York City, employing approximately 1,000 current Hourly Employees in a number of facilities in New York State that offer a variety of services with the mission of ending homelessness by empowering individuals and families to renew their lives with health, homes, and jobs. While Defendant's mission is undeniably altruistic, Defendant nevertheless systematically undercompensates its Hourly Employees by automatically deducting time from their pay each

work day for an uncompensated meal break, despite that Hourly Employees routinely work during all or portions of their uncompensated breaks.

3. Defendant's illegal and improper wage practices, which are uniform throughout Defendant's facilities and have been known to Defendant for years, have deprived Hourly Employees of millions of dollars in wages and overtime compensation.

4. Furthermore, Defendant failed to provide Plaintiff and Hourly Employees with appropriate and accurate pay rate acknowledgement forms and weekly wage statements. As a result, Plaintiff and the Hourly Employees were prejudiced and harmed in their ability to ascertain whether they were, in fact, compensated for all hours worked and at the appropriate rate of pay, resulting in Plaintiff and Hourly Employees being undercompensated by Defendant.

5. For these reasons, Plaintiff brings this action on behalf of himself and other Hourly Employees to recover unpaid wages, overtime compensation, damages, penalties and reasonable attorneys' fees and costs under the Fair Labor Standards Act (the "FLSA") §§ 201, *et seq.*, and under McKinney's Labor Law (the "NYLL"), §§ 190, *et seq.*, 195(1), 195(3), §§ 650, *et seq.*, and 12 NYCRR § 142-2.2.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 216(b).

7. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a proposed class action in which: (a) there are 100 or more members in the proposed class; (b) at least some members of the proposed class have a different citizenship from the Defendants; and (c) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the NYLL state law wage and hour claims because those claims derive from a common nucleus of operative fact.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

**Plaintiff**

10. Plaintiff is a resident of Bronx, New York, and is a former Hourly Employee of Defendant. Plaintiff was employed by Defendant on a full-time basis as a "kitchen worker" from September 7, 2019 to approximately March 2025, and thereafter on a part-time basis until approximately August 1, 2025. Plaintiff was most recently paid an hourly rate of approximately $19.42 per hour.

11. As a kitchen worker, Plaintiff's duties included, among other things, serving meals daily for residents; keeping hot food hot and cold food cold; assisting in the storage, control and management of all stock; and ensuring proper sanitation and cleanliness of surfaces and storage containers.

12. Throughout the majority of his employment, Plaintiff was scheduled to work from 6:00AM to 2:00PM, 5 days per week (Sunday to Thursday). Accordingly, Plaintiff routinely worked at least 40 hours per week. However, Plaintiff did not receive compensation for all hours worked as a result of Defendant's unlawful time and pay practices, including at the applicable overtime rate for hours worked in excess of 40 hours in a week.

13. Plaintiff, like all other Hourly Employees, was required to record his arrival time

and departure team for each shift using a time clock. Additionally, Plaintiff and other Hourly Employees were to clock in and out for uncompensated meal breaks; however, regardless of whether Plaintiff and Hourly Employees clocked in and out for meal breaks, Defendant automatically deducted their compensation by a fixed uncompensated meal break for each shift.

14. For example, if Plaintiff worked his usual 6:00AM to 2:00PM shift, and did not clock out for his meal break because he had to work through lunch and was unable to take a meal break, Defendant would nevertheless automatically deduct 1 hour from his shift as an uncompensated meal break. As such, Plaintiff would work on-the-clock for 8 hours, but he was only credited with having worked 7 hours as a result of Defendant's automatic meal break deduction.

15. Likewise, if Plaintiff did clock in and out for his meal break, but he took less than a full hour for his meal break, Defendant would nevertheless automatically deduct 1 hour from his shift as an uncompensated meal break. Additionally, even when Plaintiff clocked out for his meal break, he was often required to perform work during his meal break while off-the-clock. Defendant, however, still automatically deducted 1 hour from his shift as an uncompensated meal break.

16. Nearly every single day throughout his employment, Plaintiff worked during all or portions of his uncompensated meal breaks but was not compensated for such time worked, including overtime at the applicable rate of one and one-half times his regular hourly rate. In fact, most shifts, Plaintiff would not clock out for his meal break because his work responsibilities were so great that he was forced to work during his meal break. Defendant, however, automatically deducted 1 hour from his pay on such occasions despite that he was performing work for Defendant. On those few occasions when Plaintiff did clock out for his meal break, he often took

a meal break shorter than 1 hour and returned to work, but Defendant nevertheless deducted 1 hour from his pay.

17. For example, during the pay period of April 27, 2024 to May 10, 2024, Plaintiff was paid for 81.29 hours worked, which includes an automatically deducted meal break of 1 hour per shift. However, during this pay period, Plaintiff worked during all or portions of his uncompensated meal break each day. As a result, Plaintiff was not compensated for all time worked, including overtime at the rate of one and one-half times his regular rate of pay for hours in excess of 40 in a week.

18. Plaintiff was engaged in essential and integral work on Defendant's behalf during these automatically deducted meal break periods. Indeed, the work performed during these periods includes the same job duties referenced *supra*, *i.e.*, serving meals; keeping food at the appropriate temperature; assisting in the storage, control and management of all stock; and ensuring proper sanitation and cleanliness of surfaces and storage containers.

19. As a kitchen worker, Plaintiff could not exercise independent discretion, judgment or control over the daily and overall operation of the areas in which he worked. Plaintiff could not hire or fire other Hourly Employees. Plaintiff also could not pick and choose a particular job assignment during any given day, but rather was assigned particular job assignments by his supervisors. Despite this lack of independent discretion, Plaintiff was not properly compensated for all hours worked.

20. Plaintiff's supervisors, including Eva Rodrigues, knew that he was performing work during uncompensated meal breaks, but did nothing to rectify the situation or compensate Plaintiff for his time.

21. In addition, Defendant failed to provide Plaintiff with appropriate and accurate pay

rate acknowledgement forms and weekly wage statements. As a result, Plaintiff was prejudiced and harmed in his ability to ascertain whether he was, in fact, being paid for all hours worked, resulting in Plaintiff being undercompensated by Defendant for years.

22. Other Hourly Employees—regardless of job title, duties, or responsibilities—are subject to the same timekeeping policies and practices as Plaintiff, and were likewise subject to an automatic meal break deduction. Just like Plaintiff, other Hourly Employees routinely worked during their uncompensated meal breaks and were therefore not compensated for all hours worked as a result of Defendant's improper time and pay practices and policies.

**Defendant**

23. Defendant is one of the largest social service not-for-profit organizations in New York City, with over 1,000 current Hourly Employees, yearly revenue in excess of $125 million, and total net assets in excess of $25 million.[1] Defendant operates facilities in New York State that offer a variety of services to homeless and formerly homeless people, including, among other things, providing housing for low-income persons.

24. Defendant's principal place of business is 200 Varick Street, New York, New York, and its President and Chief Executive Officer is Eric Rosenbaum.

25. The compensation policies of Defendant are centrally dictated, controlled and ratified. As such, Defendant has the power to control wage policies and practices through its oversight of day-to-day operating procedures, control Hourly Employees' work schedules; determine Hourly Employees' rate of pay; hire and fire Hourly Employees; and control record-keeping practices of Defendant's various facilities, including maintaining Hourly Employees' records.

---

[1] *See* https://www.projectrenewal.org/wp-content/uploads/2025/03/FY24-PRI-Affiliates-Audited-Financial-Statements.pdf.

{Complaint, FINAL.1}    6

26. Defendant exercises functional and operational control over each of its facilities, all of which engage in the same activities and business objectives, and which share common officers, directors, employees, owners, and members.

27. Defendant was/is the employer of Plaintiff and the class members within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

### Background

28. Defendant employed well over 1,000 Hourly Employees during the relevant period.

29. Defendant hired Plaintiff and all other Hourly Employees with the promise of paying hourly wages for all hours worked. Hourly Employees are compensated based on their job description and tenure, with hourly rates ranging from minimum wage to approximately $50.00 per hour.

30. Hourly Employees are required to record the hours they work for Defendant by utilizing a time clock. Defendant's pay policies and practices are the same across all departments and all facilities, and the time-keeping systems used within each department are the same as to all Hourly Employees within each department and are the same or substantially similar across all departments.

### Hourly Employees Routinely Work During Uncompensated Meal Breaks

31. Pursuant to 29 C.F.R. § 785.19 and NYLL § 162, meal periods are compensable work time if an employee is required to perform any duties during such meal period. Thus, meal breaks are compensable if they are spent performing activities predominantly for the benefit of the employer, including when employees are on-call to handle whatever work arises during the meal break.

32. Nevertheless, Defendant automatically deducts 30 minutes to 1 hour each day from Hourly Employees' compensation for a meal break, despite knowing that Hourly Employees routinely work during all or portions of their uncompensated breaks.

33. Defendant's practice of automatically deducting meal breaks from Hourly Employees' compensation is unform throughout Defendant's facilities and departments and applies regardless of the Hourly Employee's job title, duties, or responsibilities.

34. Defendant's timekeeping system has the ability to track how long Hourly Employees are clocked out for meal breaks, thus ensuring that Hourly Employees are paid for time spent working during meal breaks. Nonetheless, Defendant ignores the time Hourly Employees are clocked out for meal breaks, and instead automatically deducts 30 minutes to 1 hour per shift from each Hourly Employees' pay for a meal break, despite knowing that such employees routinely work during all or portions of their uncompensated meal breaks. Likewise, when Hourly Employees work through their meal break without clocking out, Defendant ignores the absence of a punch out and instead automatically deducts 30 minutes to 1 hour for such shift as an uncompensated meal break.

**Defendant Failed to Provide Hourly Employees with Timely and Appropriate Wage Statements and Pay Rate Acknowledgement Forms as Required under NYLL**

35. Defendant failed to provide Plaintiff and Hourly Employees with accurate wage statements at the time of payment of wages, which were required to contain: the dates of work covered by that payment of wages; names of the employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as

required by NYLL § 195.3.

36. Specifically, the wage statements provided to Plaintiff were inaccurate and incomplete by failing to include, among other things, the correct rates of pay for all hours worked by Plaintiff.

37. Additionally, Defendant failed to provide Plaintiff and Hourly Employees with appropriate pay rate acknowledgement forms at the commencement of employment containing: the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195.1.

38. As a result, Plaintiff was prejudiced and harmed in his ability to ascertain whether he was, in fact, being paid for all hours worked, resulting in Plaintiff and Hourly Employees being undercompensated by Defendant for years.

**Defendant Exercises Control Over the Wage Policies and Practices of Hourly Employees at Each of its Facilities, Operate its Facilities as an Integrated Enterprise, and is an Employer of the Hourly Employees**

39. Defendant operates each of its facilities as an integrated enterprise and is a employer of each of the Hourly Employees.

40. Defendant has the power to control its wage policies and practices through its oversight and management of day-to-day operating procedures, control over Hourly Employee work schedules, control over Hourly Employee's rate of pay, and control over the record and timekeeping practices utilized at each of its facilities.

41. The operations and management of each of Defendant's facilities are directly intertwined with one another. Moreover, Defendant maintains operational and direct control over the Hourly Employees at each of its facilities, including controlling significant functions of the business, determining Hourly Employees' rates of pay, making hiring and firing decisions, supervising and controlling Hourly Employees work schedules and conditions of employment, and maintaining employment records for such Employees. Each of Defendant's facilities share common management, common ownership and financial control, and are interrelated.

42. Accordingly, Defendant is the "employer" of Plaintiff and the Hourly Employees under the FLSA and NYLL.

**The Proposed Class**

43. Plaintiff seeks certification of the following classes of Hourly Employees:

> All Hourly Employees who are or were employed by Defendant within the three years (FLSA Collective Class) or six years (New York Class) preceding the filing of this action and were not properly compensated for all work performed during uncompensated and automatically deducted meal breaks; and/or were not fully compensated for time worked over forty hours per week at overtime rates; and/or did not receive timely and accurate wage statements and wage notices.

### FAIR LABOR STANDARDS ACT ALLEGATIONS

44. The preceding paragraphs are incorporated by reference as if fully set forth herein.

45. Plaintiff brings this FLSA collective action on behalf of himself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, on behalf of the aforementioned FLSA Collective Class.

46. Excluded from the FLSA Collective Class is Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Defendant. Also excluded are persons and entities who submit timely and otherwise proper

requests for exclusion from the FLSA Collective Class.

47. Plaintiff is unable to state the exact number of Hourly Employees within the Collective Class without discovery of Defendant's books and records but estimates that the FLSA Collective Class exceeds 1,000 individuals.

48. Defendant improperly benefited from Plaintiff and the FLSA Collective Class members' uncompensated work during uncompensated meal breaks.

49. Defendant's unlawful conduct has been widespread, repeated, and consistent. Moreover, Defendant's conduct was willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Class.

50. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Class, and, as such, notice should be sent to the FLSA Collective Class. There are numerous similarly situated, current and former Hourly Employees who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the action. Those similarly situated Hourly Employees are known to Defendant and are readily identifiable through Defendant's records.

## NEW YORK CLASS ACTION ALLEGATIONS

51. The preceding paragraphs are incorporated by reference as if fully set forth herein.

52. Plaintiff brings this action on behalf of himself and as a class action pursuant to Article 9 of New York Civil Practice Law and Rules on behalf of the aforementioned New York Class.

53. Excluded from the New York Class is Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest

in Defendant. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the New York Class.

54. Defendant employs over 1,000 Hourly Employees, and systematically fails and refuses to pay their Hourly Employees for all compensable hours worked. The members of the New York Class are so numerous that joinder of all members in one proceeding is impracticable.

55. Plaintiff's claims are typical of the claims of other New York Class members because Plaintiffs is an Hourly Employee who has not been compensated for work performed at his employers' request as a result of Defendant's uniform automatic meal break deduction practice and policy.

56. Plaintiff and other New York Class members have sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

57. Plaintiff and other New York Class members have been injured in that they have been uncompensated or undercompensated due to Defendant's common policies, practices, and patterns of conduct.

58. Plaintiff will fairly and adequately protect the interests of the New York Class. Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between Plaintiff and the New York Class.

59. Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

    b. Whether Defendant failed and/or refused to pay Plaintiff for time worked during uncompensated and automatically deducted meal breaks;

c.  Whether Defendant failed to keep true and accurate time records for all hours worked by their Hourly Employees as required by New York Labor Law §§ 190 *et seq.* and 650 *et seq.*;

d.  Whether Defendant correctly compensated members of the New York Class for hours worked in excess of forty per workweek;

e.  Whether Defendant correctly compensated members of the New York Class for all uncompensated straight time hours worked under forty per workweek;

f.  Whether Defendant failed to comply with the posting and notice requirements of the NYLL;

g.  Whether Defendant engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting Plaintiff and New York Class members to perform work for Defendant's benefit which was not compensated;

h.  Whether Defendant's policy of failing to pay Hourly Employees was instituted willfully or with reckless disregard of the law; and

i.  The nature and extent of class-wide injury and the measure of damages for those injuries.

60. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no

superior alternative exists for the fair and efficient adjudication of this controversy. Members of the New York Class are readily identifiable from Defendant's own records.

61. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Class that would establish incompatible standards of conduct for Defendant.

62. Without a class action, Defendant will retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the New York Class.

63. Plaintiff intends to send notice to all members of the New York Class to the extent required by New York C.P.L.R. § 904.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (On Behalf of Plaintiff and the FLSA Collective Class)

64. The preceding paragraphs are incorporated by reference as if fully set forth herein.

65. At all relevant times, Defendant has been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

66. At all relevant times, Defendant has engaged in commerce and their commercial activities generate at least $500,000 a year.

67. At all relevant times, Defendant has employed and continue to employ, Hourly Employees, including Plaintiff and each of the members of the FLSA Collective Class.

68. Plaintiff consents in writing to be a part of this action pursuant to FLSA, 29 U.S.C. § 216(b), and attached hereto as Exhibit 1 is a copy of Plaintiff' Opt-in Consent form. As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs and opt-

ins.

69. The FLSA requires each covered employer such as Defendant to compensate all non-exempt Hourly Employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

70. Plaintiff and the members of the FLSA Collective Action were and are entitled to be paid overtime compensation for all hours worked over forty hours in a workweek.

71. Defendant, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiff and the members of the FLSA Collective Class for all of their hours worked.

72. By failing to compensate Plaintiff and the members of the FLSA Collective Class for overtime compensation, Defendant has violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq*.

73. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff, on behalf of himself and members of the FLSA Collective Class, seeks damages in the amount of his overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper.

75. Plaintiff, on behalf of themselves and the FLSA Collective Class, seeks recovery of attorneys' fees and costs, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Violations of New York Labor Law –
Nonpayment of Minimum Wages and Straight Wages
§§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.1 and 142-2.2
(On Behalf of Plaintiff and the New York Class)**

76.     The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

77.     Pursuant to New York Labor Law §§ 190, 191, 193, 198 and 652, Defendant has willfully failed to pay the minimum wages and straight wages as set forth in the preceding paragraphs of Complaint to Plaintiff and the New York Class in violation of New York Labor Law §§ 190, 191, 193, 198 and 652 and 12 N.Y.C.R.R. 142-2.1 and 142-2.2.

78.     Defendant was not, and is not, permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the New York Class members' wages that concern this lawsuit.

79.     Defendant was not authorized by Plaintiff or any New York Class members to withhold, divert or deduct any portion of their unpaid wages which are the subject of this lawsuit.

80.     Pursuant to New York Labor Law § 198, employers such as Defendant who intentionally fail to pay an Hourly Employee wages in conformance with New York Labor Law shall be liable to the Hourly Employee for the wages or expenses that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

81.     Defendant has violated the New York Labor Law by failing to pay Plaintiff and the members of the New York Class for all compensable time and by failing to pay Plaintiff and the members of the New York Class for the straight time worked at the established rate.

82.     Plaintiff, on behalf of himself and the New York Class, seeks the amount of underpayments based on Defendant's failure to pay straight wages of at least the minimum wage

for all hours worked, as provided by the New York Labor Law, and such other legal and equitable relief as the Court deems just and proper.

83. Plaintiff, on behalf of himself and the New York Class, seeks all liquidated damages and punitive damages and penalties available under the NYLL.

## THIRD CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime
### (On Behalf of Plaintiff and the New York Class)

84. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

85. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 N.Y.C.R.R. 142-2.1 and 142-2.2 apply to Defendant and protect Plaintiff and the members of the New York Class.

86. Defendant has failed to pay Plaintiff and members of the New York Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

87. By Defendant's knowing and/or intentional failure to pay Plaintiff and the member of the New York Class overtime wages for hours worked in excess of forty hours per week, they have willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

88. Due to Defendant's violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

89. Plaintiff, on behalf of himself and the New York Class, seeks all liquidated and punitive damages and penalties available under the NYLL.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Carmelo Colon, on behalf of himself and the FLSA Collective, seeks the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Opt-in Consent Forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff Carmelo Colon as the Representative of the FLSA Collective Class;

C. Appointment of Plaintiff's counsel as Lead Counsel for the FLSA Collective Class;

D. An award of damages, according to proof, including but not limited to unpaid overtime wages and lost benefits, to be paid by Defendant;

E. An award of costs incurred herein, including expert fees;

F. An award of attorneys' fees pursuant to 29 U.S.C. § 216;

G. An award of pre-judgment and post judgment interest, as provided by law;

H. An award of injunctive relief to prevent against future wage and hour violations; and

I. All such other relief as this Court shall deem just and proper.

**WHEREFORE**, Plaintiffs Carmelo Colon, on behalf of himself and the New York Class, seeks the following relief:

A. Certification of this action as a class action under Rule 23 and the appointment of Plaintiff's counsel as Class Counsel for the New York Class;

B.      Designation of Plaintiff Carmelo Colon as the Representative of the New York Class;

C.      On the Second Cause of Action (Violation of New York Labor Law – Nonpayment of Straight Wages):

1. An award to Plaintiff and members of the New York Class of damages for the amount of unpaid minimum wage and straight wages in addition to interest subject to proof;

2. An award to Plaintiff and the members of the New York Class of reasonable attorneys' fees and costs pursuant to New York Labor Law;

D.      On the Third Cause of Action (Violation of New York Labor Law – Unpaid Overtime):

1. An award to Plaintiff and the members of the New York Class of damages for the amount of unpaid overtime, in addition to interest subject to proof; and

2. An award to Plaintiff and the members of the New York Class of reasonable attorneys' fees and costs pursuant to New York Labor Law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in in any way to Plaintiff and Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or

work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Instagram, WhatsApp, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

**NOTICE PURSUANT TO NEW YORK BUSINESS CORPORATIONS LAW § 630**

Defendant is hereby put on notice that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, Plaintiff, the FLSA Collective Class, and the New York Class intends to charge and hold personally, jointly and severally liable, the ten largest shareholders of Defendant for all debts, wages, and/or salaries due and owing to Defendant's employees for services performed by them and Plaintiff has expressly authorized the undersigned, as his attorney, to make this demand on their behalf.

Dated: New York, New York
    August 13, 2025

McLAUGHLIN & STERN, LLP

By: */s/ Brett R. Gallaway*
    Brett Gallaway
    Lee Shalov
    Jason Giaimo
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
bgallaway@mclaughlinstern.com
lshalov@mclaughlinstern.com
jgiaimo@mclaughlinstern.com
*Attorneys for Plaintiff, the FLSA*
*Collective Class and the New York Class*