UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CARMELO COLON,

                                        Plaintiff,                                    25-CV-06695 (AT)(SN)

                    -against-                                                         **ORDER & OPINION**

PROJECT RENEWAL INC.,

                                        Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff moves to compel Defendant to serve objections or responses to Plaintiff's discovery demands. The motion is GRANTED in part and DENIED in part.

## DISCUSSION

On October 27, 2025, the Court held a conference to address whether the parties should proceed to mediation. At that conference, the parties agreed to mediate, and the Court directed Defendant to produce Plaintiff's pay records and generally applicable pay policies in advance of the mediation. See ECF No. 17. While the Court did not stay discovery, it also did not authorize expansive class-wide discovery.

Plaintiff then served 30 Requests for Production ("RFP") and 15 Interrogatories ("Interrog."). Defendant contends that Plaintiff's requests are overbroad, and that the parties should have sought clarification from the Court as to the status of discovery before Plaintiff filed a motion to compel. The Court has already addressed the scope of permissible discovery and, as drafted, many of the discovery requests exceed that scope. The Court has authorized discovery that seeks information and documents relating to Plaintiff and to generally applicable practices

related to Plaintiff's claims. Class-wide discovery directed to all hourly employees, however, is not warranted at this stage. In FLSA actions, conditional certification "takes place early in litigation and often before discovery has begun" because a plaintiff "need only make a modest factual showing that he and other potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." Jeong Woo Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439 (S.D.N.Y. 2013). Plaintiff alleges in conclusory fashion that other hourly employees were subject to the same timekeeping practices as Plaintiff, see Compl. ¶ 22, but pleads no facts concerning the job duties, schedules, or working conditions of those employees. Absent a stronger factual showing, the Court will not permit broad, class-wide discovery before conditional certification.

## I.      Plaintiff-Specific and Generally Applicable Policies Discovery

Several of Plaintiff's discovery demands, when limited to Plaintiff and to generally applicable policies, are relevant, proportional, or otherwise within the scope of the Court's prior Order. Defendant is therefore directed to respond to the following requests within 14 days:

- RFP Nos. 1 and 12;

- RFP Nos. 2-4, 6-7, 13, 18, and 27, as applied to Plaintiff and to Defendant's generally applicable timekeeping and meal-break policies;

- RFP No. 17;

- RFP No. 29, as authorized under Federal Rule of Civil Procedure 26(a)(1)(A)(iv); and

- Interrog. Nos. 1-10 and 12-14 are overbroad as written to the extent they seek the identification of "*all* person(s) with knowledge," which is potentially a substantial number of people. But as reasonably limited (for example, to supervisors), these interrogatories are permissible to the extent they concern Plaintiff but not insofar as they concern other hourly employees.

**II.    Premature or Overbroad Requests**

The following requests for discovery are not authorized at this time:

- RFP No. 5, which seeks identifying information for all hourly employees and is premature before conditional certification;

- RFP Nos. 8-9 and Interrog. No. 11, which seek broad complaint and grievance information and are not proportional at this juncture;

- RFP Nos. 10-11, 14, 19, and 26, which seek time and pay records for all hourly employees;

- RFP Nos. 15 and 16, which are overbroad as drafted;

- RFP Nos. 20-25, which are directed entirely to class-wide discovery concerning all hourly employees; and

- RFP Nos. 28 and 30 and Interrog. No. 15, which are premature.

**CONCLUSION**

Defendant is directed to respond to Plaintiff's discovery demands consistent with this

Order within 14 days. The Clerk of Court is respectfully requested to terminate the motion at

ECF No. 23.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:       December 22, 2025
             New York, New York